UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PELICAN INTERNATIONAL, INC., | Case No.:  3:20-cv-02390-RSH-MSB |
| Plaintiff, | **ORDER:** |
| v. | **(1) GRANTING & DENYING IN PART PLAINTIFF'S MOTION TO STRIKE; AND** |
| HOBIE CAT COMPANY; and HOBIE CAT COMPANY II, LLC; | [ECF No. 100] |
| Defendants. | **(2) GRANTING & DENYING IN PART DEFENDANT'S MOTION TO STRIKE** |
| | [ECF No. 95] |

On April 13, 2022, Defendants Hobie Cat Company and Hobie Cat Company II, LLC (collectively "Hobie") filed a motion to strike certain evidence. ECF No. 95. On April 14, 2022, Plaintiff Pelican International, Inc. ("Pelican"), filed a motion to strike certain evidence. ECF No. 100. On May 17, 2022, the Parties filed their respective responses in opposition to the motions to strike. ECF Nos. 148-49.  On May 24, 2022, the Parties filed their respective replies. ECF Nos. 150-51. On October 10, 2022, Pelican filed a

1  supplemental brief in support of its motion to strike. ECF No. 164-2. On October 31, 2022,
2  Hobie filed a response to Pelican's supplemental brief. ECF No. 168.

3     The Court held a hearing on the matter on February 9, 2023. For the reasons below,
4  the Court grants and denies in part Pelican's motion to strike and grants and denies in part
5  Hobie's motion to strike.

6  **I.    BACKGROUND**

7     Pelican and Hobie are competing designers and manufacturers of watercraft
8  products, such as kayaks. First Am. Compl. (Mar. 3, 2021), ECF No. 16 ¶ 8; Answer &
9  Countercl. (Mar. 17, 2021), ECF No. 17 ¶ 9. Pelican is the owner by assignment of U.S.
10 Patent No. 10,829,189 ("the '189 Patent"). U.S. Patent No. 10,829,189, at [73] (issued Nov.
11 10, 2020). In this case, Pelican accuses Hobie of infringing at least Independent Claim 14
12 of the '189 Patent by making, using, importing, selling, and/or offering for sale kayaks,
13 including Hobie's Passport, Lynx, and Pro Angler 360 kayaks. *See* ECF No. 16 ¶ 13; ECF
14 No. 62 at 18.

15    The '189 Patent is entitled "Interface for Mounting a Propulsion Mechanism to a
16 Watercraft," and was issued on November 10, 2020. '189 Patent at [45], [54]. The
17 invention described in the '189 Patent relates to an interface for mounting a propulsion
18 mechanism to a watercraft with a rigid body, and to a watercraft comprising a rigid body
19 and such an interface. *Id.* at col. 1 ll. 7-9, col. 2 ll. 14-18, col. 3 ll. 45-51.

20    Figure 31 of the '189 Patent (set forth below) depicts an exploded view of an
21 exemplary kayak in accordance with the invention claimed in the '189 Patent.

22
23
24
25
26
27
28



FIG.31

Independent Claim 14 of the '189 Patent, the only independent claim asserted in this action,[1] recites:

14. A watercraft comprising:

rigid body having a deck portion, a hull portion and a well extending between the deck portion and the hull portion,

an interface for mounting a propulsion mechanism to the body of the watercraft, the interface including:

a first portion including a first plate positionable adjacent to one of the hull portion and the deck portion of the watercraft, about the periphery of the well, and at least one channel extending from the first plate, the channel being positionable in the well, the channel being sized and shaped for receiving therein a portion of the propulsion mechanism and for mounting the propulsion mechanism to the interface; and

at least one fastening assembly for removably fastening the first portion to the body of the watercraft.

'189 Patent col. 18 ll. 64-67, col. 19 ll. 1-12.

On December 8, 2020, Pelican filed a complaint for patent infringement against Hobie, alleging infringement of the '189 Patent. *See* Compl. (Dec. 8, 2020), ECF No. 1. On March 3, 2021, Pelican filed a First Amended Complaint (the "FAC," or the operative complaint). *See* ECF No. 16. On March 17, 2022, Hobie filed an answer and counterclaims to the FAC. *See* ECF No. 17.

On March 26, 2021, the Court issued a scheduling order. ECF No. 20. On June 17, 2021, the Court issued an amended scheduling order. ECF No. 36. On November 17, 2021, the Court issued a second amended scheduling order. ECF No. 61. On February 1, 2022,

---

[1] *See* ECF No. 146 at 7 (listing the asserted claims).

the Court issued a claim construction order, construing disputed claim terms from the '189 Patent. ECF No. 77.

By the present motions to strike, Pelican and Hobie move to exclude or preclude certain evidence from being presented at trial. Specifically, Pelican moves: (1) to exclude certain prior art references, ECF No. 146-1 at 5-12; and (2) to preclude any testimony or evidence related to certain alleged design arounds, *id.* at 12-17. And Hobie moves: (1) to exclude a video of Pelican personnel removing a Hobie interface from a kayak, ECF No. 145 at 17-20; (2) to preclude certain theories of infringement under the doctrine of equivalents, *id.* at 20-22; and (3) to preclude certain theories and evidence regarding secondary considerations of nonobviousness, *id.* at 22-24.

## II.   THE PARTIES' MOTIONS TO STRIKE UNDER THE PATENT LOCAL RULES

Both parties move to strike certain evidence for failure to properly comply with the disclosure requirements in the Court's Patent Local Rules. ECF No. at 145 at 20-22; ECF No. 146-1 at 5-12. "The Court's Patent Local Rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *CliniComp Int'l, Inc. v. Cerner Corp.*, No. 17-CV-02479-GPC-DEB, 2022 WL 16985003, at *12 (S.D. Cal. Nov. 15, 2022) (quoting *Wi-LAN Inc. v. LG Elecs., Inc.*, No. 18-CV-01577-H-BGS, 2019 WL 5790999, at *2 (S.D. Cal. Sept. 18, 2019)); *accord O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n.12 (Fed. Cir. 2006). The Local Rules "are also designed to provide structure to discovery and to enable the parties to move efficiently toward claim construction and the eventual resolution of their dispute." *Simpson Strong-Tie Co., Inc. v. Oz-Post Int'l, LLC*, 411 F. Supp. 3d 975, 981 (N.D. Cal. 2019) (quoting *Golden Bridge Tech. Inc v. Apple, Inc.*, No. 5:12-CV-04882, 2014 WL 1928977, at *3 (N.D. Cal. May 14, 2014)). The Patent Local Rules accomplish this "by requiring both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course

of discovery. The Local Rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." *O2 Micro*, 467 F.3d at 1365-66.

Under Patent Local Rule 3.1, a party claiming patent infringement must serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions," and those contentions must disclose specific information regarding the party's theories of infringement in the case. *See* Patent L.R. 3-1; *Wi-LAN*, 2019 WL 5790999, at *2. Under Patent Local Rule 3.3, an accused infringer must serve on all parties its "Invalidity Contentions," and those contentions must disclose specific information regarding the accused infringer's theories of invalidity in the case. *See* Patent L.R. 3-3.

The Patent Local Rules "do not allow amendments to contentions 'as a matter of course when new information is revealed in discovery.'" *Zest IP Holdings, LLC v. Implant Direct MFG, LLC*, No. 10-CV-0541-GPC-WVG, 2014 WL 358430, at *3 (S.D. Cal. Jan. 31, 2014). Rather, a party seeking to amend its infringement or invalidity contentions must satisfy the relevant provisions set forth in Patent Local Rule 3.6. *See id.*; *InfoGation Corp. v. ZTE Corp.*, No. 16-CV-01901-H-JLB, 2017 WL 11420583, at *2 & n.2 (S.D. Cal. June 7, 2017); *see also Phigenix, Inc. v. Genentech, Inc.*, 783 F. App'x 1014, 1017 (Fed. Cir. 2019) ("Infringement contentions may only be amended by order of the district court upon a timely showing of good cause."). "In contrast to the more liberal policy for amending pleadings, 'the philosophy behind amending contentions under the Patent Local Rules is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction.'" *Regents of Univ. of Cal. v. Affymetrix, Inc.*, No. 17-CV-01394-H-NLS, 2018 WL 4053318, at *2 (S.D. Cal. Aug. 24, 2018) (quoting *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 236 F. Supp. 3d 1110, 1113 (N.D. Cal. 2017)); *accord Genentech, Inc. v. Amgen, Inc.*, 289 F.3d 761, 774 (Fed. Cir. 2002).

In a lawsuit for patent infringement in the Southern District of California, a patentee is limited to the infringement theories and the accused products it sets forth in its infringement contentions. *CliniComp*, 2022 WL 16985003, at *13; *Wi-LAN*, 2019 WL

5790999, at *2; *see LookSmart Grp., Inc. v. Microsoft Corp.*, No. 17-CV-04709-JST, 2019 WL 7753444, at *2 (N.D. Cal. Oct. 17, 2019) ("Once served, the infringement contentions constitute the universe of infringement theories."). Similarly, an accused infringer is limited to the invalidity theories and prior art references it sets forth in its invalidity contentions. *Multimedia Pat. Tr. v. Apple Inc.*, No. 10-CV-2618-H (KSC), 2012 WL 12868264, at *3 (S.D. Cal. Nov. 20, 2012). Any infringement theories or invalidity theories not properly disclosed pursuant to the Court's Patent Local Rules "are barred . . . from presentation at trial (whether through expert opinion testimony or otherwise).'" *Verinata Health, Inc. v. Sequenom*, Inc., No. 12-cv-00865, 2014 WL 4100638, at *3 (N.D. Cal. Aug. 20, 2014); *see Looksmart Grp., Inc. v. Microsoft Corp.*, 386 F. Supp. 3d 1222, 1226 (N.D. Cal. 2019) ("It is now well established that 'a party may not use an expert report to introduce new infringement theories, new infringing instrumentalities, new invalidity theories, or new prior art references not disclosed in the parties' infringement contentions or invalidity contentions.'" (quoting *Asia Vital Components Co. v. Asetek Danmark A/S*, No. 16-CV-07160, 2018 WL 4945316, at *4 (N.D. Cal. Oct. 11, 2018))). Indeed, the Federal Circuit has "concluded that the exclusion of evidence is often an appropriate sanction for a party's failure to comply with the patent local rules." *Phigenix*, 783 F. App'x at 1020 (affirming district court's striking of expert infringement opinions that failed to comply with patent local rules) (citing *O2 Micro*, 467 F.3d at 1369; then citing *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005)); *see, e.g., BookIT Oy v. Bank of Am. Corp.*, 817 F. App'x 990, 995 (Fed. Cir. 2020) (affirming district court's striking of expert infringement opinions that failed to comply with patent local rules governing infringement contentions); *LoganTree LP v. Garmin Int'l, Inc.*, No. 17-1217, 2021 WL 5998293, at *14 (D. Kan. Dec. 20, 2021) ("[T]he most common remedy when a party violates the scheduling order by articulating new theories in an expert report that were

not timely disclosed in infringement contentions is to strike those portions of an expert report.").[2]

"A district court has wide discretion in enforcing the Patent Local Rules." *CliniComp*, 2022 WL 16985003, at *12 (quoting *LookSmart*, 2019 WL 7753444, at *2); *see Howmedica Osteonics Corp. v. Zimmer, Inc.*, 822 F.3d 1312, 1320 (Fed. Cir. 2016) (reviewing "a district court's application of its local rules for abuse of discretion"). The Federal Circuit will "affirm decisions in which [a] district court enforced its own local rules, unless it is 'clearly unreasonable, arbitrary, or fanciful; based on erroneous conclusions of law; clearly erroneous; or unsupported by any evidence.'" *Howmedica*

---

[2]    Hobie asserts that in evaluating violations of the Patent Local Rules and the appropriate sanctions, courts generally do so under the "rubric provided by" Federal Rule of Civil Procedure 37. ECF No. 148 at 2. The Court acknowledges that there are some district court decisions where the court utilized Rule 37's legal standards to evaluate a motion to strike for failure to comply with that court's patent local rules. *See, e.g.*, *Edelbrock, LLC v. Whipple Indus., Inc*, No. 119CV01502, 2021 WL 321643, at *6 (E.D. Cal. Feb. 1, 2021); *Asia Vital Components Co. v. Asetek Danmark A/S*, No. 16-CV-07160-JST, 2018 WL 452109, at *2 (N.D. Cal. Jan. 17, 2018); *ViaSat, Inc. v. Space Sys./Loral, Inc.*, No. 3:12-CV-00260-H, 2013 WL 12061803, at *1 (S.D. Cal. Dec. 6, 2013). But, generally, district courts do not utilize Rule 37's legal standards in evaluating motions to strike for failure to comply with the court's patent local rules. *See, e.g.*, *CliniComp*, 2022 WL 16985003, at *12-13 (finding waiver for failure to comply with the patent local rules without reference to Rule 37); *LookSmart*, 2019 WL 7753444, at *2-6 (evaluating motion to strike without reference to Rule 37); *Apple Inc. v. Wi-LAN, Inc.*, No. 14CV2235 DMS (BLM), 2018 WL 9538772, at *1 (S.D. Cal. Mar. 2, 2018) (same); *Core Wireless Licensing, S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911, 2016 WL 3655302, at *2-4 (E.D. Tex. Mar. 21, 2016) (same); *Verinata*, 2014 WL 4100638, at *2-8 (same); *Merck Sharp & Dohme Corp. v. Sandoz, Inc.*, No. 12-cv-3289, 2014 WL 1494592, at *11-12 (D.N.J. Apr. 16, 2014) (same); *Multimedia Pat. Tr. v. Apple Inc.*, No. 10-CV-2618-H (KSC), 2012 WL 12868249, at *5 (S.D. Cal. Oct. 19, 2012) (same); *see also BookIT*, 817 F. App'x at 995 (affirming district court's striking of infringement opinions without reference to Rule 37). Further, in *O2 Micro*, the Federal Circuit stated that district courts have power to impose sanctions on a party for failure to comply with the Patent Local Rules pursuant to both Federal Rules of Civil Procedure 16(f) and 37(b)(2)(B). *See* 467 F.3d at 1363; *see also LoganTree*, 2021 WL 5998293, at *14.

1    *Osteonics*, 822 F.3d at 1324; *see Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*, 811

2    F.3d 1314, 1321 (Fed. Cir. 2016) ("[T]his court defers to the district court when

3    interpreting and enforcing local rules so as not to frustrate local attempts to manage patent

4    cases according to prescribed guidelines.").

5    **A.    Hobie's Motion to Strike Certain Doctrine of Equivalents Opinions**

6        Hobie moves to strike certain theories of infringement under the doctrine of

7    equivalents contained in Dr. Maki's expert report. ECF No. 145 at 20-22. Hobie argues

8    that these doctrine of equivalents theories should be struck because they were never

9    properly disclosed in Pelican's infringement contentions. *Id.* at 20-21. In response, Pelican

10   contends that it timely disclosed its infringement theories. ECF No. 149 at 32-34.

11       "To prove infringement, the plaintiff bears the burden of proof to show the presence

12   of every element or its equivalent in the accused device." *Uniloc USA, Inc. v. Microsoft*

13   *Corp.*, 632 F.3d 1292, 1301 (Fed. Cir. 2011); *accord Star Sci., Inc. v. R.J. Reynolds*

14   *Tobacco Co.*, 655 F.3d 1364, 1378 (Fed. Cir. 2011). "Under the doctrine of equivalents, 'a

15   product or process that does not literally infringe . . . the express terms of a patent claim

16   may nonetheless be found to infringe if there is 'equivalence' between the elements of the

17   accused product or process and the claimed elements of the patented invention.'" *Warner–*

18   *Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997); *accord Eagle Pharms.*

19   *Inc. v. Slayback Pharma LLC*, 958 F.3d 1171, 1175 (Fed. Cir. 2020).

20       The Federal Circuit "applies two articulations of the test for equivalence." *Voda v.*

21   *Cordis Corp.*, 536 F.3d 1311, 1326 (Fed. Cir. 2008) (citing *Warner–Jenkinson*, 520 U.S.

22   at 21); *see UCB, Inc. v. Watson Lab'ys Inc.*, 927 F.3d 1272, 1284 (Fed. Cir. 2019). Under

23   the insubstantial differences test, "[a]n element in the accused device is equivalent to a

24   claim limitation if the only differences between the two are insubstantial." *UCB*, 927 F.3d

25   at 1284 (quoting *Voda*, 536 F.3d at 1326). "Alternatively, under the function-way-result

26   test, an element in the accused device is equivalent to a claim limitation if it 'performs

27   substantially the same function in substantially the same way to obtain substantially the

28   same result.'" *Voda*, 536 F.3d at 1326 (quoting *Schoell v. Regal Marine Indus., Inc.*, 247

9

F.3d 1202, 1209-10 (Fed. Cir. 2001)); *see Ajinomoto Co. v. Int'l Trade Comm'n*, 932 F.3d 1342, 1356 (Fed. Cir. 2019).[3] "Regardless how the equivalence test is articulated, 'the doctrine of equivalents must be applied to individual limitations of the claim, not to the invention as a whole.'" *Mirror Worlds, LLC v. Apple Inc.*, 692 F.3d 1351, 1357 (Fed. Cir. 2012) (quoting *Warner–Jenkinson*, 520 U.S. at 29).

Patent Local Rule 3.1(e) provides that a party's "Disclosure of Asserted Claims and Infringement Contentions" must contain, among other things, the following information: "[w]hether each element of each asserted claim is claimed to be literally present and/or present under the doctrine of equivalents in the Accused Instrumentality." Patent L.R. 3.1(e). Patent Local Rule 3.6(a) further provides that after the filing of the parties' Joint Claim Construction Chart, a party asserting a claim of patent infringement may only amend its infringement contentions "absent undue prejudice to the opposing party" and:

> 1. If, not later than thirty (30) days after service of the Court's Claim Construction Ruling, the party asserting infringement believes in good faith that amendment is necessitated by a claim construction that differs from that proposed by such party; or
>
> 2. Upon a timely motion showing good cause.

Patent L.R. 3.6(a). The Federal Circuit has held that a party asserting a claim of infringement waives its right to raise infringement under the doctrine of equivalents by failing to timely disclose that theory of infringement in the party's infringement contentions. *See, e.g.*, *Teashot LLC v. Green Mountain Coffee Roasters, Inc.*, 595 F. App'x 983, 987-88 (Fed. Cir. 2015) (affirming district court's holding that plaintiff waived its right to raise infringement under the doctrine of equivalents by failing to timely disclose it

---

[3] The Federal Circuit has explained that "[t]he function-way-result test is particularly suitable for analyzing the equivalence of mechanical devices." *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1312 (Fed. Cir. 2009); *see Warner–Jenkinson*, 520 U.S. at 39 (acknowledging that there is "substantial agreement" that the function-way-result test is "suitable for analyzing mechanical devices").

as an infringement theory its infringement contentions); *see also CliniComp*, 2022 WL 16985003, at *13 ("[Plaintiff] waived its right to raise doctrine of equivalents by failing to properly disclose that theory of infringement in its infringement contentions."); *Droplets, Inc. v. E\*TRADE Fin. Corp.*, No. 12-cv-2326, 2015 WL 1062670, at *3 (S.D.N.Y. Mar. 9, 2015) ("[I]nfringement by equivalents is waived if not included in infringement contentions.").

Under the Court's Scheduling Order in this case, the deadline for serving, as of right, amended infringement contentions pursuant to Patent Local Rule 3.6(a) was June 24, 2021. ECF No. 36. On June 24, 2021, Pelican served Hobie with its amended infringement contentions. Ex. 63, ECF No. 116-26.

Pelican argues that its June 24, 2021, infringement contentions complied with the disclosure requirements set forth in Patent Local Rule 3.1(e). ECF No. 149 at 32-33. To support its contention, Pelican identifies the following statement in its infringement contentions:

> Even if a judge or a jury were to conclude than an element of an asserted claim from the Pelican Patent-in-Suit is not literally present in the Accused Instrumentalities, Pelican believes that the Accused Instrumentalities would still infringe each of those claims under the doctrine of equivalents because the Accused Instrumentalities would still include, at a minimum, an equivalent to each element of each asserted claim.

Ex. 63, ECF No. 116-26 at 4. This statement is insufficient to satisfy the disclosure requirements set forth in Patent Local Rule 3.1(e). "A general reservation of the right to assert infringement under the doctrine of equivalents 'does not satisfy [a plaintiff]'s obligation to disclose its infringement analysis as required by the rules of this District Court." *CliniComp*, 2022 WL 16985003, at *13 (quoting *Sonix Tech. Co. v. Yoshida*, No. 12CV380-CAB (DHB), 2014 WL 11899474, at *3 (S.D. Cal. Dec. 12, 2014)); *see, e.g., PersonalWeb Techs. LLC v. Int'l Bus. Mach. Corp.*, No. 16-CV-01266-EJD, 2017 WL

2180980, at \*15 (N.D. Cal. May 18, 2017) ("Blanket reservations of rights are not sufficient."); *see also Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2015 WL 9460295, at \*1 (N.D. Cal. Dec. 23, 2015) ("Such a general disclaimer would be contrary to the local rule's requirement that parties crystallize their theories early in the litigation."). "Rather, in order to properly assert an infringement theory under the doctrine of equivalents in compliance with the Court's Patent Local Rules, a patentee must provide 'a limitation-by-limitation' analysis as to why and how there is infringement under the doctrine of equivalents." *CliniComp*, 2022 WL 16985003, at \*13 (citing *Ameranth, Inc. v. Pizza Hut, Inc.*, No. 12CV1627 JLS NLS, 2013 WL 3894880, at \*5 (S.D. Cal. July 26, 2013)); *see Mirror Worlds*, 692 F.3d at 1357 ("[T]he doctrine of equivalents must be applied to individual limitations of the claim, not to the invention as a whole." (quoting *Warner–Jenkinson*, 520 U.S. at 29)).

A review of the claim charts attached to the June 24, 2021, infringement contentions shows that Pelican only attempted to disclose a theory of infringement under the doctrine of equivalents on a limitation-by-limitation basis as to Dependent Claim 18 of the '189 Patent and only with respect to the Passport and Mirage kayaks. *See* Ex. 11, ECF No. 136-10 at 20-23; Ex. 12, ECF No. 136-11 at 32-37. But even this disclosure is deficient under the Court's Patent Local Rules. In the claim charts, Pelican merely states that the accused kayaks "include at least an equivalent to" the relevant claim limitation. Ex. 11, ECF No. 136-10 at 20; Ex. 12, ECF No. 136-11 at 32. Pelican fails to provide any analysis under either the function-way-results test or the insubstantial differences test. *See id.* This is insufficient to satisfy the disclosure requirements in Patent Local Rule 3.1(e). *See ASUS Comput. Int'l v. Round Rock Rsch., LLC*, No. 12-CV-02099, 2014 WL 1463609, at \*3 (N.D. Cal. Apr. 11, 2014) ("[I]n infringement contentions, 'a party looking to rely on equivalents still has to describe how [the function/way/result or insubstantial differences] requirements are met.'"). In sum, Pelican failed to properly disclose any theory of infringement under the doctrine of equivalents in its June 24, 2021, amended infringement contentions.

1       Pelican argues that it also timely disclosed its infringement theories under the

2 doctrine of equivalents in its June 24, 2021, response to Hobie's Interrogatory No. 1. ECF

3 No. 149 at 33. But under the express language of Patent Local Rule 3.1, these disclosures

4 must be set forth in the patentee's infringement contentions, not in a response to a

5 contention interrogatory. *See* Patent L.R. 3.1 ("the 'Disclosure of Asserted Claims and

6 Infringement Contentions' must contain the following information"); *see also Fluidigm*

7 *Corp. v. IONpath, Inc.*, No. 19-cv-05639, 2020 WL 5073938, at *1 (N.D. Cal. Aug. 25,

8 2020) ("Rather than leave it to interrogatories, our patent local rules frame an orderly

9 exchange of information to facilitate patent litigation."). The Court notes that the

10 differences between responses to contention interrogatories and infringement and

11 invalidity contentions are significant. The Federal Circuit has explained that the Patent

12 Local Rules were specifically designed to address the inadequacies posed by the use of

13 contention interrogatories. *See O2 Micro*, 467 F.3d at 1365-66. In explaining this, the

14 Federal Circuit expressly noted that answers to such interrogatories "are often postponed

15 until the close of discovery" and "are amended as a matter of course during the discovery

16 period." *Id.* at 1365. Unlike responses to contention interrogatories, infringement

17 contentions and invalidity contentions must be disclosed by specific deadlines early in the

18 discovery phase of a case, and, thereafter, can only be amended pursuant to Patent Local

19 Rule 3.6.[4] *See* Patent L.R. 3.1, 3.3, 3.6.

--------

[4]      Pelican's citation to the district court decision in *GREE, Inc. v. Supercell Oy*, No. 219CV00070, 2020 WL 6731050, at *3 (E.D. Tex. Aug. 14, 2020), is not persuasive. *See* ECF No. 149 at 34. In the cited section of the decision in *GREE*, the district court declined to strike certain expert opinions related to invalidity under 35 U.S.C. § 101, finding that the invalidity theories at issue had properly been disclosed in a response to a contention interrogatory. *See* 2020 WL 6731050, at *3. The Patent Local Rule for the Eastern District of Texas governing invalidity contentions does not require that an accused infringer disclose its theories of invalidity under § 101. *See* E.D. Tex. Pat. L.R. 3-3. Therefore, in that portion of the *GREE* order, the Eastern District of Texas' Patent Local Rules and its provisions governing contentions and amendments to contentions were not at issue. In contrast, here, the Court's Patent Local Rules expressly require that theories of

1   Nevertheless, under these specific circumstances, where the interrogatory response

2   was served on the same day and along with the amended infringement contentions, the

3   Court will consider the contents of the June 24, 2021, response as a supplement to Pelican's

4   June 24, 2021, amended infringement contentions. A review of the June 24, 2021, response

5   shows that Pelican properly disclosed a theory of infringement under the doctrine of

6   equivalents as to the "fastening assembly" limitation in Independent Claim 14 with respect

7   to the Passport, Lynx, and Pro Angler 360 kayaks.[5] This disclosure complied with Patent

8

9   _____

10   infringement under the doctrine of equivalents be disclosed in the patentee's infringement
    contentions and that any amendments to those contentions are governed by Patent Local
11   Rule 3.6(a). *See* Patent L.R. 3.1(e), 3.6(a). As such, *GREE* is inapplicable here.

12   [5]   In the interrogatory response, Pelican specifically disclosed the following theories
    of infringement under the doctrine of equivalents:
13
          At a minimum the structures in the Mirage Passport Kayaks and Mirage
14        Lynx Kayaks that Pelican has identified for the 'fastening assembly'
          limitation is an equivalent because it performs substantially the same function
15        (*e.g.*, removably fastening the first and second portions of the interface to the
          body of the watercraft), in substantially the same way (*e.g.*, *using threaded
16        fasteners* engaging the interface's plate and *fastening projections with
          threaded holes*) to obtain substantially the same result (*e.g.*, fastening the
17        interface to the body of the watercraft) as the 'fastening assembly' described
          and claimed in the '189 patent. Further, this structure in the Mirage Passport
18        Kayaks and Mirage Lynx Kayaks is insubstantially different from the
19        'fastening assembly' described and claimed in the '189 patent.

20        In addition, at a minimum, the structures in the Mirage Pro Angler 360
          Kayaks that Pelican has identified for the 'fastening assembly' limitation is
21        an equivalent because it performs substantially the same function (*e.g.*,
22        removably fastening the interface to the body of the watercraft), in
          substantially the same way (*e.g.*, *using threaded fasteners* engaging the
23        interface's plate and *holes* in the interface and in the body of the watercraft
24        for receiving these fasteners) to obtain substantially the same result (*e.g.*,
          fastening the interface to the body of the watercraft) as the 'fastening
25        assembly' described and claimed in the '189 patent. Further, this structure in
26        the Mirage Pro Angler 360 Kayaks is insubstantially different from the
          'fastening assembly' described and claimed in the '189 patent.
27
28   Ex. 65, ECF No. 116-28 at 7-8 (emphasis added).

Local Rule 3.1(e) as it analyzed equivalence on a limitation-by-limitation basis, and it included specific analyses under the function-way-results test and the insubstantial differences test based on the accused kayak's use of "threaded fasteners" and "holes" to fasten the interface to the body of the watercraft. *See* Ex. 65, ECF No. 116-28 at 7-8. As such, this is sufficient to disclose those specific theories of infringement.[6]

In sum, the only theories of infringement under the doctrine of equivalents that were properly disclosed by Pelican are as to the "fastening limitation" in Independent Claim 14 with respect to the Passport, Lynx, and Pro Angler 360 kayaks regarding those kayaks' use of "threaded fasteners" and "holes." Pelican waived its right to raise any other theories under the doctrine of equivalents by failing to timely disclose those theories in its infringement contentions. *See, e.g.*, *Teashot*, 595 F. App'x at 987-88; *CliniComp*, 2022 WL 16985003, at *13; *Sonix Tech.*, 2014 WL 11899474, at *3. As such, the Court precludes Pelican from presenting any theories of infringement under the doctrine of equivalents other than as mentioned above.

---

[6]    In its opposition, Pelican also cites to its November 30, 2021, response to Hobie's Interrogatory No. 1. ECF No. 148 at 33 (citing Ex. 64, ECF No. 116-27). The Court declines to consider the contents of the November 30, 2021, response for the purposes of the present motion to strike. The disclosure is in a response to a contention interrogatory, and not in Pelican's infringement contentions as required by the Court's Patent Local Rules. *See* Patent L.R. 3.1(e). Further, and more importantly, Pelican has not shown that the November 30, 2021, response satisfies the requirements set forth in Patent Local Rule 3.6(a) for amending infringement contentions.

The Court notes that in its motion to strike, Hobie states: "Notably, Pelican failed to ever provide infringement contentions for the permanent well revisions of these kayaks." ECF No. 145 at 21. In its motion to strike, Hobie only requests that the Court strike certain doctrine of equivalents theories of infringement. *See* ECF No. 145 at 20-22. Hobie does not move to strike any of Pelican and Dr. Maki's literal infringement theories as to the redesigned Hobie kayaks, *see id.*, and any attempt to do so now would be untimely. *See* ECF No. 61 (scheduling order setting forth pretrial motion deadline of April 13, 2022).

**B.    Pelican's Motion to Preclude Certain Prior Art References**

Pelican moves to strike and exclude certain prior art references — the Modified Dinghy reference, the Raptor G2 reference, and the Morton reference. ECF No. 146-1 at 1, 5-12. Pelican argues that the Court should exclude these prior art references because Hobie failed to timely disclose the references as required by the Court's Patent Local Rules governing invalidity contentions. *Id.* In response, Hobie contends this its disclosure of these references complied with the provisions governing amendment of its invalidity contentions set forth in Patent Local Rule 3.6(b). ECF No. 148 at 4-9.

To prove that a patent claim is invalid as anticipated under 35 U.S.C. § 102, an accused infringer must show that "a single prior art reference disclose[s] each and every limitation of the claimed invention, either explicitly or inherently." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1306 (Fed. Cir. 2019); *see K-TEC, Inc. v. Vita-Mix Corp.*, 696 F.3d 1364, 1377 (Fed. Cir. 2012). To prove that a patent claim is invalid as obvious under 35 U.S.C. § 103, an accused infringer must show "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." *TQ Delta, LLC v. CISCO Sys.*, Inc., 942 F.3d 1352, 1357 (Fed. Cir. 2019) (quoting 35 U.S.C. § 103(a)); *accord KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007). "Obviousness can be proven by combining existing prior art references, while anticipation requires all elements of a claim to be disclosed within a single reference." *Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1364 (Fed. Cir. 2008).

Patent Local Rule 3.3(a) requires that an accused infringer's "Invalidity Contentions" must contain "[t]he identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious." Patent L.R. 3.3(a). Further, Patent Local Rule 3.6(b) provides:

> As a matter of right, a party opposing a claim of patent
> infringement may serve "Amended Invalidity Contentions" no

16

later than the completion of claim construction discovery. Thereafter, absent undue prejudice to the opposing party, a party opposing infringement may only amend its validity contentions:

1. If a party claiming patent infringement has served "Amended Infringement Contentions," and the party opposing a claim of patent infringement believes in good faith that the Amended Infringement Contentions so require;

2. If, not later than fifty (50) days after service of the Court's Claim Construction Ruling, the party opposing infringement believes in good faith that amendment is necessitated by a claim construction that differs from that proposed by such party; or

3. Upon a timely motion showing good cause.

*Id.* at 3.6(b). Any prior art references not properly disclosed in an accused infringer's invalidity contentions should be struck and excluded from trial. *See Verinata*, 2014 WL 4100638, at *37; *Largan Precision Co, Ltd. v. Genius Elec. Optical Co.*, No. 13-CV-02502-JD, 2014 WL 6882275, at *37 (N.D. Cal. Dec. 5, 2014).

Under the Court's Scheduling Order in this case, the deadline for serving, as of right, amended invalidity contentions pursuant to Patent Local Rule 3.6(b) was July 22, 2021. ECF No. 36. On July 22, 2021, Hobie served Pelican with its amended invalidity contentions. *See* Ex. 16, ECF No. 101-16. Hobie concedes that it did not disclose the Modified Dinghy reference, the Raptor G2 reference, or the Morton reference as invalidating prior art references in this action until January 18, 2022. ECF No. 148 at 7, 10; *see* Ex. 13, ECF No. 101-13 at 7-11. Because Hobie failed to disclose the Modified Dinghy reference, the Raptor G2 reference, and the Morton reference as prior art in its July 22, 2021, amended invalidity contentions, these prior art references should be struck and excluded from trial in this action. *See Verinata*, 2014 WL 4100638, at *3; *Largan Precision*, 2014 WL 6882275, at *3; *Multimedia Pat. Tr.*, 2012 WL 12868264, at *3.

1    Hobie argues that its disclosure of these prior art references complied with the
2    deadlines set forth in the Patent Local Rules. ECF No. 148 at 4. In support of this argument,
3    Hobie first relies on Patent Local Rule 3.6(b)(2) and the fact that when the Court issued its
4    claim construction order on February 1, 2022, the Court rejected Hobie's proposed
5    constructions at least in part for eight claim terms. *Id.* at 4-6. But Hobie's attempt to rely
6    on Patent Local Rule 3.6(b)(2) to support its disclosure of these prior art references is
7    entirely implausible. Patent Local Rule 3.6(b)(2) permits amendment of invalidity
8    contentions when an accused infringer "believes in good faith that amendment *is*
9    *necessitated* by a claim construction that differs from that proposed by [the accused
10   infringer]." Patent L.R. 3.6(b)(2) (emphasis added). Hobie concedes that it first disclosed
11   the references at issue as invalidating prior art on January 18, 2022. ECF No. 148 at 7, 10.
12   The Court's Claim Construction Order was issued on February 1, 2022 — 14 days later.
13   ECF No. 77. Therefore, it is impossible that Hobie had a good faith belief that its disclosure
14   of these prior art references was necessitated by the Court's Claim Construction Order
15   because the Claim Construction Order did not exist at the time of the disclosure.

16   Even if Hobie were somehow able to rely on the Court's issuance of the claim
17   construction as a *post hoc* rational for its untimely disclosures, Hobie has still failed to
18   demonstrate compliance with Patent Local Rule 3.6(b)(2). Hobie has failed to adequately
19   explain how it had a good faith belief that the Court's claim construction order
20   "necessitated" amendment of its invalidity contentions. *Cf. Verinata Health, Inc. v.*
21   *Sequenom, Inc.*, No. 12-cv-00865, 2014 WL 789197, at *2 (N.D. Cal. Feb. 26, 2014) ("[A]
22   differing claim construction 'in and of itself does not constitute good cause [to amend
23   invalidity contentions].'"). The only specific rational Hobie gives for amendment of its
24   contentions in light of the Claim Construction Order is that it "reasonably believed in good
25   faith that the Court's adoption of a broader construction of the term 'fastening assembly'
26   justified its expert's reliance on additional prior art." ECF No. 148 at 6. This justification
27   is not plausible.

28

3:20-cv-02390-RSH-MSB

In the Court's Claim Construction Order, the Court adopted Pelican's proposed construction for the term "fastening assembly" and construed the term as "fastener." ECF No. 77 at 18. In Hobie's July 22, 2021, invalidity contentions, in analyzing the "fastening assembly" limitation in its claim charts, Hobie expressly stated that its "invalidity contentions apply Pelican's apparent claim construction of the limitation." Ex. 16, ECF No. 101-16 at 44. Therefore, it is not plausible that Hobie believed that the Court's adoption of Pelican's construction for the claim term "fastening assembly" necessitated amendment of Hobie's invalidity contentions when those invalidity contentions already applied that construction. *See, e.g.*, *Verinata*, 2014 WL 789197, at *3 (denying leave to amend invalidity contentions based on the issuance of claim construction order where the preliminary invalidity contentions already accounted for the patentee's proposed constructions); *Sunpower Corp. Sys. v. Sunlink Corp.*, No. 08-cv-2807, 2009 WL 1657987, at *1 (N.D. Cal. June 12, 2009) (rejecting the issuance of a claim construction order as a basis for amendment of invalidity contentions where "[t]he risk of the construction rendered by the presiding judge was well known and anticipated by Defendant" and "[p]rior art and claims charts anticipating that construction had already been provided"); *see also BookIT*, 817 F. App'x at 994 (affirming district court's denial of leave to amend where district court interpreted Patent Local Rule 3-6 "to allow amendments to infringement contentions 'only if the movant can show that the claim construction adopted by the court was unexpected or unforeseeable'"); *Apple*, 2018 WL 9538772, at *1 (striking invalidity contentions and noting "Apple should have been aware of the risk that the Court could adopt the[ opposing party's proposed] constructions.").

To justify its late disclosure of these prior art reference, Hobie also attempts to rely on Patent Local Rule 3.6(b)(1) and the fact that Pelican purportedly amended its invalidity contentions on November 30, 2021. ECF No. 148 at 6-7. Patent Local Rule 3.6(b)(2) permits an accused infringer to amend its invalidity contentions if the accused infringer "believes in good faith that the Amended Infringement Contentions so require." Patent L.R. 3.6(b)(2). But, again, Hobie fails to adequately explain how it is plausible that it believed

that it was required to amend its invalidity contentions in light of Pelican's purported amended infringement contentions.

The only explanation Hobie provides is that by asserting infringement against the redesigned Passport and Lynx kayaks with glued interfaces, Pelican's amended infringement contentions demonstrated that Pelican was taking a broader view than Hobie originally thought as to the removability of the claimed interface. ECF No. 148 at 6-7. But even accepting this as true, Hobie fails to then explain how this revelation necessitated reliance on the prior art references at issue. Hobie does not assert that any of the prior art references at issue utilize a glued interface or an interface that does not utilize screws, bolts, or rivets. To the contrary, images and supporting text in Hobie's opposition brief show that the Raptor G2 reference's interface is removably attached via a single "hand-screwed threaded fastener." ECF No. 148 at 6; *see* Ex. 5, ECF No. 101-5 at 19-22. Further, Hobie's expert Dr. Sanders explains in her expert report that the Hobie Dinghy utilizes rivets "to removably attach the interface to the body of the watercraft." Ex. 3, ECF No. 101-3 at 20.

Finally, Hobie argues that Pelican's Motion to Strike should be denied because Pelican has failed to demonstrate that it was prejudiced by Hobie's disclosure of these prior art references. ECF No. 148 at 16-17. "The Federal Circuit, however, has recognized that where a party fails to act diligently in moving to amend its infringement contentions, courts need not consider the question of prejudice." *Am. River Nutrition, LLC v. Beijing Gingko Grp. Biological Tech. Co.*, No. 8:18-cv-02201, 2021 WL 6106714, at *9 (C.D. Cal. Nov. 19, 2021) (citing *Phigenix*, 783 Fed. App'x at 1020 ("As a threshold matter, we need not consider the prejudice to Genentech in evaluating whether the court abused its discretion.")); *see, e.g.*, *O2 Micro*, 467 F.3d at 1368 ("Having concluded that the district court could properly conclude that [the plaintiff] did not act diligently in moving to amend its infringement contentions, we see no need to consider the question of prejudice to [the defendant]."). Nevertheless, Pelican has adequately explained how it was prejudiced by Hobie's untimely disclosures. *See* ECF No. 151 at 5.

3:20-cv-02390-RSH-MSB

In sum, Hobie's untimely disclosure of the Modified Dinghy reference, the Raptor G2 reference, and the Morton reference as invalidating prior art violated the Court's Patent Local Rules. As such, the Court excludes Hobie from relying on the Modified Dinghy reference, the Raptor G2 reference, and the Morton reference as prior art references in this case. *See Verinata*, 2014 WL 4100638, at *3; *Largan Precision*, 2014 WL 6882275, at *3; *Multimedia Pat. Tr.*, 2012 WL 12868264, at *3.

In its motion to strike, Pelican also requests that the Court strike and exclude the BIC Eclipse reference. ECF No. 146-1 at 2-3, 8-9. In its opposition, Hobie clarifies that it does not assert that the BIC Eclipse constitutes prior art to the '189 Patent. *See* ECF No. 148 at 14. Because Hobie does not contend that the BIC Eclipse is prior art, Hobie technically did not need to disclose it in its invalidity contentions under Patent Local Rule 3.3(a). *See* Patent L.R. 3.3(a) (requiring the disclosure of "prior art"). As such, the Court denies Pelican's motion to strike as to the BIC Eclipse reference.[7]

## III.    THE PARTIES' MOTIONS TO STRIKE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37

Both parties move to strike certain evidence pursuant to Federal Rule of Civil Procedure 37 ("Rule 37"). *See* ECF No. 146-1 at 1-2, 12-17; ECF No. 145 at 17-20, 22-24. Rule 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed R. Civ. P. 37(c)(1). "Rule 37 'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th

---

[7]    The Court expressly notes that its denial of Pelican's motion to strike as to the BIC Eclipse is not an endorsement or approval of Dr. Sanders' use of the BIC Eclipse as part of her invalidity analysis.

1  Cir. 2001)). "Rule 37(c)(1) is a 'self-executing,' 'automatic' sanction designed to provide
2  a strong inducement for disclosure." *Id.*

3       Nevertheless, under Rule 37(c)(1), "[t]he information may be introduced if the
4  parties' failure to disclose the required information is substantially justified or harmless."
5  *Yeti by Molly*, 259 F.3d at 1106; *see Goodman*, 644 F.3d at 826. The party facing sanctions
6  bears the burden of proving substantial justification or harmlessness. *See id.*

7       "In determining whether to preclude introduction of evidence pursuant to Federal
8  Rule of Civil Procedure 37, courts consider (1) the surprise to the party against whom the
9  evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent
10 to which allowing the evidence would disrupt the trial; (4) the importance of the evidence,
11 and (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence."
12 *Dey, L.P. v. Ivax Pharms., Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005) (citing *Southern*
13 *States Rack & Fixture, Inc. v. Sherwin–Williams Co.*, 318 F.3d 592 (4th Cir. 2003)); *accord*
14 *Martel v. Hearst Commc'ns, Inc.*, 468 F. Supp. 3d 1212, 1219 (N.D. Cal. 2020); *Kaseberg*
15 *v. Conaco, LLC*, 260 F. Supp. 3d 1229, 1238 (S.D. Cal. 2017). A district court has
16 "particularly wide latitude" in determining whether to issue sanctions under Rule 37(c)(1).
17 *Yeti by Molly*, 259 F.3d at 1106.

18       **A.    Pelican's Motion to Strike Certain Design-Arounds**

19       Pelican moves to strike evidence of certain purported design-arounds for the accused
20 products and to preclude Hobie from introducing at trial any testimony, evidence, or
21 argument regarding those design-arounds. ECF No. 146-1 at 1-2, 12-17. In her March 16,
22 2022, rebuttal expert report, Hobie's expert, Dr. Sanders, offers opinions concerning
23 acceptable non-infringing alternatives for the three accused products. Sanders Rebuttal
24 Expert Report, Ex. 7, ECF No. 158-2 ¶¶ 207-26 (sealed version at ECF No. 176 at 243-
25 50). Pelican argues that three of these purported acceptable non-infringing alternatives
26 identified by Dr. Sanders in her report should be excluded because those purported design-
27 arounds were never mentioned or disclosed to Pelican during fact discovery. ECF No. 146-
28 1 at 4, 16-17.

1    In response, Hobie argues that Pelican's motion should be denied because Hobie

2    properly disclosed information regarding those design arounds as it became available

3    pursuant to its obligations under Federal Rule of Civil Procedure 26(e)(1). ECF No. 148 at

4    18-22. Hobie also argues that Pelican's motion should be denied because Pelican has not

5    suffered any prejudice as a result of the timing of Hobie's disclosures. *Id.* at 22.

6    "One 'useful, but non-exclusive' method" to establish a patentee's entitlement to

7    lost profits damages is the four-factor *Panduit* test first articulated by the Sixth Circuit.

8    *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1284 (Fed. Cir. 2017) (quoting

9    *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995) (en banc)); *see Panduit*

10   *Corp. v. Stahlin Bros. Fibre Works*, 575 F.2d 1152, 1156 (6th Cir. 1978). Under the second

11   factor of the four-factor *Panduit* test, the patentee must establish "absence of acceptable

12   non-infringing alternatives." *Mentor Graphics*, 851 F.3d at 1285 (citing *Panduit*, 575 F.2d

13   at 1156); *see Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1380

14   (Fed. Cir. 2017).

15   "To prove the absence of acceptable, non-infringing alternatives, the patentee may

16   prove either that the potential alternative was not acceptable to potential customers or was

17   not available" during the period of infringement. *Presidio*, 875 F.3d at 1380; *see Grain*

18   *Processing Corp. v. Am. Maize-Prod. Co.*, 185 F.3d 1341, 1353 (Fed. Cir. 1999)

19   (explaining that the "critical time period" for determining availability of a non-infringing

20   alternative "is the period of infringement"). To be considered "available," an acceptable

21   non-infringing alternative must have either been "on the market" (i.e., on sale) or "readily

22   available" at the time of infringement. *See Siemens Med. Sols. USA, Inc. v. Saint-Gobain*

23   *Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1288 (Fed. Cir. 2011) (explaining that the

24   alternative must either be "on sale at the time of infringement" or can "be commercialized

25   'readily'" (quoting *Grain Processing*, 185 F.3d at 1349)); *Micro Chem., Inc. v. Lextron,*

26   *Inc.*, 318 F.3d 1119, 1122 (Fed. Cir. 2003) (explaining that the alternative must either be

27   "actually 'on sale'" or "readily 'available'").

28

When an alleged non-infringing alternative is not on the market during the period of infringement, the accused infringer "has the burden of showing that the alleged alternative was available during that period." *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1382 (Fed. Cir. 2002) (citing *Grain Processing*, 185 F.3d at 1353); *see SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1382 (Fed. Cir. 2013) ("Where, as here, an alleged substitute was not on the market during the damages period, the accused infringer has the burden to overcome the inference that the substitute was not 'available.'"). An accused infringer can satisfy this burden "with specific facts showing it had 'the necessary equipment, know-how, and experience' during the period of infringement to implement the non-infringing [alternative]." *Fiskars*, 279 F.3d at 1382 (quoting *Grain Processing*, 185 F.3d at 1354); *see SynQor*, 709 F.3d at 1382 ("Factors to consider include the ease with which a substitute was eventually made available, the state of the technology, and the availability of input products and equipment.").

During fact discovery, Pelican served Hobie with an interrogatory (Interrogatory No. 4) requesting that Hobie:

> Identify and describe, including by providing technical and Sales and Financial Information, any acceptable non-infringing alternative(s) or design around(s) available to You, of which You are aware, which You are presently investigating, or which You may rely upon for any purposes in this case (including at trial), and identify any Documents relating to and the three (3) Persons most knowledgeable about the foregoing.

Ex. 168-5, Ex. 4 at 5-6. During the fact discovery period in this case, Hobie provided a response to Interrogatory No. 4 dated January 21, 2022, identifying several non-infringing alternatives. *See id.* at 6-19. Fact discovery in this case closed on January 28, 2022. ECF No. 61 at 2. On March 16, 2022, Hobie served Pelican with a rebuttal expert report from Hobie's technical expert, Dr. Sanders. Ex. 7, ECF No. 158-2. In the March 16, 2022,

rebuttal expert report, Dr. Sanders offers opinions concerning acceptable non-infringing alternatives for the three accused products. *See id.* ¶¶ 207-26.

Pelican argues that three of the acceptable non-infringing alternatives identified by Dr. Sanders in her March 16, 2022, rebuttal report were never mentioned or disclosed to Pelican during fact discovery — through its January 21, 2022, response to Interrogatory No. 4 or otherwise. ECF No. 146-1 at 4. The Court addresses each of the three acceptable non-infringing alternatives at issue below.

### 1.    *The Rotomolded Passport-R*

In her rebuttal expert report, Dr. Sanders opines that a rotomolded version of the Passport (the "Passport-R") constitutes an acceptable non-infringing alternative. *See* Ex. 7, ECF No. 158-2 ¶¶ 211-12; *see also* ECF No. 168 at 1 (referring to the rotomolded version of the Passport kayak as the "Passport-R kayak"). In its briefing, Hobie concedes that it was aware of the Passport-R design by at least November 2021. *See* ECF No. 148 at 20; *see also* ECF No. 168 at 2-3. Indeed, Pelican has identified evidence in the record showing that Hobie was designing the Passport-R by as early as October 12, 2021. *See* ECF No. 164-2 at 3-5 (citing Ex. 89, ECF No. 178 at 12-15; then citing Ex. 90, ECF No. 178 at 16-19). Despite this, the Passport-R was not identified as an acceptable non-infringing alternative in Hobie's January 21, 2022, response to Interrogatory No. 4 or any in other response to that interrogatory during the fact discovery period in this case. *See generally* Ex. 4, ECF No. 168-5 at 6-19.[8] Hobie failed to do so even though Hobie itself contends

---

[8]    In its responsive supplemental brief, Hobie for the first time appears to contend that it did identify the rotomolded Passport in its January 21, 2022 response to Interrogatory No. 4. *See* ECF No. 168 at 2, 4 (citing Dean Opening Expert Report, Ex. 3, ECF No. 168-4 ¶ 90; then citing Ex. 4, ECF No. 168-5 at 7). The Court rejects this argument as it was not contained in Hobie's opposition to Pelican's motion to strike. *See generally* ECF No. 148 at 18-22. Further, Hobie's contention is not supported by the record. The response at issue does not contain the words "rotomold," "rotomolded," or "Passport-R" anywhere in it. *See generally* Ex. 4, ECF No. 168-5 at 6-19. Although the response mentions the "click and go well" generally, it does not specifically reference the "click and go well" being used

that the Passport-R is the "best evidence" as to acceptable non-infringing alternatives in this case. ECF No. 168 at 1. And Hobie failed to do so even though, to the extent the Passport-R was not on the market for all or some of the infringement period, Hobie is the one that bears the burden of showing that the Passport-R was readily available. *See SynQor*, 709 F.3d at 1382; *Fiskars*, 279 F.3d at 1382; *Grain Processing*, 185 F.3d at 1353; *see also* ECF No. 150 at 5 n.1 ("Hobie recognizes that, under *Grain Processing*, it must make a showing of availability for any NIA not on the market during the damages period.").

Further, Hobie has failed to provide the Court with an adequate explanation for why it did not identify the Passport-R in its response to Interrogatory No. 4, or why it did not turn over documents related to the development of the Passport-R during the fact discovery period in this case. In its briefing, Hobie contends that the development of the Passport-R was disclosed during the fact discovery period in this case via an internal Hobie email that Hobie produced and deposition testimony from one of Hobie's witnesses, Mr. Sorokin. ECF No. 148 at 20 (citing Ex. K, ECF No. 177 at 135-39; then citing Ex. L, ECF No. 177 at 142-44); ECF No. 168 at 4, 6. But even accepting this as true, this is still an inadequate disclosure in response to Pelican's interrogatory. At most, the email and the testimony from Mr. Sorokin identified by Hobie disclose that a rotomolded version of the Passport was in development. But a disclosure that the Passport-R is in development is not a disclosure that Hobie is contending that it constitutes a readily available, acceptable non-infringing alternative to the '189 Patent. As such, Hobie has failed to demonstrate that it was

---

with a Passport kayak. *See id.* at 7 ("The click and go well used with many of Hobie's kayak models, including Hobie's Pro-Angler 180 kayaks, Mirage Compass, Mirage Revolution, Mirage Outback, Mirage iTrek 9 and Mirage iTrek 11, . . . ."). Further, in Hobie's *Daubert* motion as to Pelican's damages expert Ms. Dean, Hobie states that it identified the "rotomolded Passport with the Click and Go assembly" in Dr. Sanders' rebuttal expert report. ECF No. 144 at 18. As such, the Court rejects Hobie's untimely contention that it disclosed the rotomolded version of the Passport kayak in its January 21, 2022, response to Interrogatory No. 4.

substantially justified in failing to timely disclose the Passport-R as an acceptable non-infringing alternative during the fact discovery period in this case.

In addition, Hobie has failed to demonstrate that its untimely disclosure of the Passport-R as an acceptable non-infringing alternative was harmless. In an effort to demonstrate harmlessness, Hobie notes that in April 2022, Hobie offered for Pelican to take a second deposition of Hobie's Chief Executive Officer Mr. Skidmore in an attempt to cure any prejudice from its disclosure of the design arounds at issue, but Pelican declined Hobie's offer. ECF No. 148 at 21 (citing Ex. M, ECF No. 111-14); ECF No. 168 at 3-4. In response, Pelican argues that the offered second deposition of Mr. Skidmore in April 2022 was insufficient to cure the prejudice it suffered because, by then, expert reports had already been exchanged and expert depositions had been completed. ECF No. 151 at 12. Pelican argues that its experts had no opportunity to consider the Passport-R as an acceptable non-infringing alternative in their expert reports. ECF No. 145-1 at 14. The Court agrees with Pelican. In her February 11, 2022, expert report, Pelican's damages expert, Ms. Dean, addresses — as part of her lost profits damages analysis — "acceptable, available, non-infringing alternatives," including the alternatives identified by Hobie in its January 21, 2022, response to Interrogatory No. 4. Dean Opening Expert Report, Ex. 4, ECF No. 168-4 ¶¶ 89-99. By not disclosing the Passport-R as an acceptable non-infringing alternative during the fact discovery period in this case, Hobie prevented Ms. Dean from addressing the Passport-R in this section of her expert report. In addition, Hobie prevented Pelican's technical expert, Dr. Maki, from potentially addressing the Passport-R in his February 11, 2022, opening expert report or his March 16, 2022, rebuttal expert report. As such, Hobie has failed to demonstrate harmlessness.

In sum, Pelican has demonstrated that Hobie's disclosure of the Passport-R as an acceptable non-infringing alternative was untimely and improper, and Hobie has failed to demonstrate that its untimely disclosure of the Passport-R as an acceptable non-infringing alternative was substantially justified or harmless. Accordingly, the Court precludes Hobie

and its witnesses from relying on the Passport-R as evidence of an acceptable non-infringing alternative.[9]

## 2.    *The Lynx Design Around*

In her rebuttal expert report, Dr. Sanders opines that a version of the Lynx kayak with a one-piece well constitutes an acceptable non-infringing alternative. Ex. 7, ECF No. 158-2 ¶¶ 220-21. The one-piece well version of the Lynx was not identified as an acceptable non-infringing alternative in Hobie's January 21, 2022, response to Interrogatory No. 4 or any in other response to that interrogatory during the fact discovery period in this case. *See generally* Ex. 4, ECF No. 168-5 at 6-19. In response to Pelican's motion, Hobie explains that it did disclose the design around at issue for the Lynx during fact discovery and that the design around was addressed by Pelican's expert Dr. Maki in his February 11, 2022, opening expert report. ECF No. 148 at 19, 21 (citing Maki Opening Expert Report , ECF No. 145-1 ¶ 129).

Similar to the Court's analysis of the Passport-R, at best, Hobie's cited evidence demonstrates that the design for a one-piece well version of the Lynx was disclosed during fact discovery. But that is still an inadequate response to Pelican's interrogatory. A disclosure that a design exists is not a disclosure that Hobie is contending that it constitutes a readily available, acceptable non-infringing alternative. Further, by failing to timely disclose this version of the Lynx as an acceptable non-infringing alternative, Hobie prevented Pelican's damages expert, Ms. Dean, from addressing the one-piece well version

---

[9]    In its motion, Pelican specifically requests that Hobie be precluded "from introducing any testimony, evidence, or argument regarding the undisclosed design arounds at trial." ECF No. 146-1 at 2. The Court declines to grant this broad request. Hobie has demonstrated that the development of the Passport-R was disclosed during the fact discovery period of the case. *See* Ex. L, ECF No. 177 at 142-44. And Pelican has only demonstrated that Hobie failed to timely disclose that it would contend that the Passport-R constitutes an acceptable non-infringing alternative. As such, the Court limits its holding to only preclude Hobie from relying on the Passport-R as evidence of an acceptable non-infringing alternative.

of the Lynx in her February 11, 2022, opening expert report. As such, Hobie has failed to demonstrate that its untimely disclosure of the one-piece well version of the Lynx as an acceptable non-infringing alternative was substantially justified or harmless.

In sum, Pelican has demonstrated that Hobie's disclosure of the one-piece well version of the Lynx as an acceptable non-infringing alternative was untimely, and Hobie has failed to demonstrate that its failure to timely disclose the one-piece well version of the Lynx as an acceptable non-infringing alternative was substantially justified or harmless. Accordingly, the Court precludes Hobie from relying on the one-piece well version of the Lynx as evidence of an acceptable non-infringing alternative.[10]

### 3. The Pro Angler 360 Design Around

In her rebuttal expert report, Dr. Sanders opines that a design for the Pro Angler 360 kayak that utilizes an alternative mounting system constitutes an acceptable non-infringing alternative. Ex. 7, ECF No. 176 at 249-50 ¶ 226. With respect to this design around, Hobie explains that Dr. Sanders's opinion is based entirely on a conversation she had with a Hobie engineer, who described to her plans for future designs that had not been reduced to drawing form. ECF No. 148 at 21. Hobie explains that its engineers began considering these designs for the Pro Angler 360 kayak in mid-February of 2022, meaning that the designs at issue could not have been produced during the fact discovery period in this case. *See id.* at 18-19 (citing Ex. 15, ECF No. 145-5 at 471; then citing Richards Decl., ECF No. 111-1 ¶ 20). Pelican does not dispute this assertion. *See* ECF No. 151 at 12. As such, Pelican has failed to demonstrate that the design around at issue for the Pro Angler 360

---

[10]    Hobie has demonstrated that the design for a one-piece well version of the Lynx was disclosed during the fact discovery period of the case. *See* Maki Opening Expert Report, ECF No. 145-1 ¶ 129. And Pelican has only demonstrated that Hobie failed to timely disclose that the one-piece well version of the Lynx constitutes an acceptable non-infringing alternative. As such, the Court limits its holding to only preclude Hobie from relying on the one-piece well version of the Lynx as evidence of an acceptable non-infringing alternative. *See supra* note 9.

kayak was improperly or untimely disclosed, and the Court declines to strike the Pro Angler

360 design around at issue.[11]

### B.    Hobie's Motion to Strike Interface Removal Video

Hobie moves to exclude certain video evidence of Pelican personnel removing a

Hobie interface from a kayak and any discussion or reference to the video by Pelican's

experts. ECF No. 145 at 17-20. In response, Pelican contends that it produced the video at

issue during the fact discovery period in this case, and Hobie was not prejudiced by the

disclosure. ECF No. 149 at 31-32.

On December 1, 2021, Hobie specifically requested that Pelican provide evidence

that "it had easily removed the interface from the re-designed kayaks." Ex. 7, ECF No.

136-6 at 3; *see* ECF No. 145 at 18. Pelican produced the video at issue on January 19, 2022,

about six weeks later. ECF No. 145 at 18. Hobie notes that the title of the video suggests

that it was taken on October 10, 2021. *Id.* In response, Pelican explains that it delayed

production of the video because it was analyzing whether the video was subject to the

attorney-client privilege or constituted attorney work-product. ECF No. 149 at 32.

---

[11]    In its reply brief, Pelican argues for the first time that the Court should strike this
opinion because the design around identified by Dr. Sanders fails to qualify as an available,
acceptable non-infringing alternative under the relevant legal standards, citing *Siemens*,
637 F.3d at 1288. ECF No. 151 at 12. The Court declines to address this new argument
raised for the first time in a reply brief. *See Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir.
1996) ("Issues raised for the first time in the reply brief are waived."); *Norman v. United
States*, 429 F.3d 1081, 1091 (Fed. Cir. 2005) ("Arguments raised for the first time in a reply
brief are not properly before this court." (citing *Novosteel SA v. U.S., Bethlehem Steel
Corp.*, 284 F.3d 1261, 1274 (Fed. Cir. 2002))). Moreover, it would be improper for the
Court to convert a motion to strike by Pelican into a motion ruling on the legal sufficiency
of Hobie's evidence. *See Meyer Intell. Prop. Ltd. v. Bodum*, Inc., 690 F.3d 1354, 1378
(Fed. Cir. 2012) (finding a district court erred by transforming a motion in limine into a
motion regarding the sufficiency of the evidence (i.e., essentially a motion for summary
judgment)).

1    In its briefing, Pelican fails to specifically explain why it thought this video might

2  be subject to the attorney-client privilege or constitute attorney work-product.

3  Nevertheless, even assuming the production of the video was untimely, Pelican has

4  demonstrated that the timing of the disclosure was harmless. In this case, fact discovery

5  closed on January 28, 2022. ECF No. 61. Pelican produced the video on January 19, 2022,

6  prior to that deadline and prior to all depositions of Pelican witnesses. *See* ECF No. 145 at

7  18. Indeed, Pelican represents that it provided a 30(b)(6) witness, who was involved with

8  the removal, to specifically address "Pelican's 'attempts to remove the [glued] "interface"

9  from the accused Hobie Mirage Passport and or Mirage Lynx kayaks.'" ECF No. 149 at 31

10  (citing Ex. 62, ECF No. 116-25 at 276). Hobie does not dispute this. As such, despite the

11  timing of Pelican's production of the video, Hobie was able to ask Pelican's witnesses,

12  including Pelican's designated 30(b)(6) witness, about the video during their depositions.

13    Further, because the video was produced during the fact discovery period in this

14  case, Hobie's experts were able to consider the video in forming their opinions. Indeed,

15  Dr. Sanders addresses the video in her March 16, 2022, rebuttal expert report. *See* Sanders

16  Rebuttal Expert Report, Ex. 6, ECF No. 136-5 ¶ 121. In addition, Hobie was able to depose

17  Dr. Maki regarding his reliance on the video to support his infringement opinions.

18  Accordingly, because Pelican's disclosure of the removal video was harmless, the Court

19  declines to strike the video at issue.[12]

20    **C.    Hobie's Motion to Strike Secondary Considerations Theories**

21    Hobie moves to strike certain secondary considerations theories from Dr. Maki's

22  rebuttal expert report. ECF No. 145 at 22-24. Hobie argues that Pelican failed to properly

23  disclose these secondary considerations theories during the fact discovery period in this

24

25  _____

26  [12]    In its motion to strike, Hobie faults Pelican for failing to "provide[], for example in

27  an interrogatory response, any foundational information [for the video] such as the
preparation, materials, and/or efforts required to remove the interface." ECF No. 145 at 19.
But in making this argument, Hobie fails to identify any specific interrogatories that it

28  served on Pelican that would have required Pelican to provide this information. *See id.*

case. *See id.* In response, Pelican argues that Hobie's motion should be denied because Pelican's discovery responses disclosed multiple relevant secondary considerations and supporting evidence. ECF No. 149 at 34-35.

In setting out the framework for the obviousness inquiry under § 103 in *Graham v. John Deere Co.*, "[t]he Supreme Court explained that various factors 'may also serve to "guard against slipping into use of hindsight," and to resist the temptation to read into the prior art the teachings of the invention in issue.'" *Apple Inc. v. Samsung Elecs. Co.*, 839 F.3d 1034, 1052 (Fed. Cir. 2016) (en banc) (quoting *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 36 (1966)). These factors include: "commercial success enjoyed by devices practicing the patented invention, industry praise for the patented invention, copying by others, and the existence of a long-felt but unsatisfied need for the invention." *Id.* "These factors are commonly known as secondary considerations or objective indicia of non-obviousness." *Id.* "[I]n order to accord substantial weight to secondary considerations of nonobviousness, 'the evidence of secondary considerations must have a 'nexus' to the claims, i.e., there must be 'a legally and factually sufficient connection' between the evidence and the patented invention.'" *Teva Pharms. Int'l GmbH v. Eli Lilly & Co.*, 8 F.4th 1349, 1360 (Fed. Cir. 2021) (quoting *Henny Penny Corp. v. Frymaster LLC*, 938 F.3d 1324, 1332 (Fed. Cir. 2019)).

During fact discovery, Hobie served Pelican with an interrogatory (Interrogatory No. 15) requesting that Pelican:

> Describe all objective indicia of non-obviousness that You contend demonstrate the validity of any Asserted Claim, including commercial success, long felt but unresolved needs, the failure of others, skepticism by experts, industry praise, teaching away by others, recognition of a problem and copying, including but not limited to Identifying all Documents that support Your answer, and the three people most knowledgeable about such objective indicia.

Ex. 66, ECF No. 116-29 at 19. Pelican provided responses to this interrogatory during the fact discovery period. *See id.*; Ex. 67, ECF No. 116-30. During the expert discovery phase of the case, Pelican served Hobie with a rebuttal expert report from Pelican's technical expert, Dr. Maki, on March 16, 2022. Maki Rebuttal Expert Report, Ex. 3, ECF No. 145-2. In his rebuttal expert report, Dr. Maki sets forth various opinions regarding secondary considerations. *See id.* ¶¶ 356-94.

Hobie argues that some of Dr. Maki's opinions regarding secondary considerations were improper because Pelican did not identify "alleged failure of others" and "industry praise" as relevant secondary considerations during fact discovery. ECF No. 145 at 23. But Hobie's argument is not supported by the record. Pelican's May 21, 2021, response to Hobie's Interrogatory No. 15 expressly mentions both "widespread industry praise" and Hobie's alleged failure "for decades . . . to meet the long felt need for a pedal-powered kayak that could be made using the much less extensive thermoforming process." Ex. 66, ECF No. 116-29 at 20-21. In light of this, Pelican did disclose "alleged failure of others" and "industry praise" as relevant secondary considerations during fact discovery.

Hobie also argues that Dr. Maki's opinions are improper because nowhere in its interrogatory responses did Pelican explain how any of the alleged secondary considerations had a nexus to the merits of the claim invention. ECF No. 145 at 23. But the interrogatory at issue does not explicitly request that Pelican identify a "nexus" between the alleged secondary considerations and the claimed invention. The interrogatory simply requests that Pelican "[d]escribe all objective indicia of non-obviousness" and identify supporting documents. Ex. 66, ECF No. 116-29 at 19. Pelican's response did so. *See id.* at 19-21; Ex. 67, ECF No. 116-30 at 15-17. As such, the Court rejects Hobie's contention that Pelican's response failed to properly identify a nexus for the identified secondary considerations. *See Fox Factory, Inc. v. SRAM, LLC*, 944 F.3d 1366, 1373 (Fed. Cir. 2019) ("[A] patentee is entitled to a rebuttable presumption of nexus between the asserted evidence of secondary considerations and a patent claim if the patentee shows that the asserted evidence is tied to a specific product and that the product 'is the invention

disclosed and claimed.'" (quoting *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 1392 (Fed. Cir. 1988))); *see also, e.g.*, *Polaris Indus., Inc. v. Arctic Cat, Inc.*, 882 F.3d 1056, 1073 (Fed. Cir. 2018) (presuming nexus where the products at issue were the patentee's "eight RZR vehicles" and the claims at issue "broadly cover the *entire* vehicle, rather than 'only a component of a commercially successful machine'").

Finally, Hobie argues that Dr. Maki's opinions concerning secondary considerations are improper because Dr. Maki cites to products and articles that were never disclosed during fact discovery. ECF No. 145 at 23. But the only example Hobie gives to support this contention is an article entitled "Kayak Angler" with the Bates stamp "PELICAN_00740." *Id.* at 24. In its November 30, 2021, response to Interrogatory No. 15, Pelican expressly cites to the document "PELICAN_00740" as being responsive to the interrogatory. Ex. 67, ECF No. 116-30 at 17. Thus, the article was disclosed during fact discovery and in response to the specific interrogatory at issue. In sum, Hobie has failed to demonstrate that the Dr. Maki's opinions concerning secondary considerations were improperly disclosed.

Even if the Court were to assume that some of the opinions regarding secondary considerations in Dr. Maki's rebuttal expert report were improperly disclosed, Pelican has demonstrated that the disclosure was harmless. In response to Dr. Maki's opinions regarding secondary considerations, Hobie was permitted to serve supplemental reply expert reports from both of its experts. *See* ECF No. 145 at 23; ECF No. 149 at 35. Accordingly, the Court declines to strike any of Dr. Maki's opinions regarding secondary considerations.

## IV.    CONCLUSION

For the above reasons, the Court **GRANTS AND DENIES IN PART** Plaintiff Pelican's motion to strike, and the Court **GRANTS AND DENIES IN PART** Defendant Hobie's motion to strike. Specifically:

1.    The Court precludes Pelican from asserting any theories of infringement under the doctrine of equivalents other than as to the "fastening assembly" limitation in

Independent Claim 14 with respect to the Passport, Lynx, and Pro Angler 360 kayaks based on those kayaks' use of "threaded fasteners" and "holes";

  2. The Court excludes Hobie from relying on the Modified Dinghy reference, the Raptor G2 reference, and the Morton reference as prior art references in this case;

  3. The Court precludes Hobie from relying on the Passport-R and the one-piece well version of the Lynx as evidence of acceptable non-infringing alternatives in this case; and

  4. The Court **DENIES** the remainder of the Parties' motions to strike without prejudice to a contemporaneous objection at trial.

  **SO ORDERED**.

Dated:  February 10, 2023

Robert S. Huie

_____
Hon. Robert S. Huie
United States District Judge

3:20-cv-02390-RSH-MSB